# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-8136 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Hesghia Hesghiaian, et al. v. Bank of America, N.A., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America, N.A. ("Defendant") on September 19, 2018. (Docket No. 3.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Hesghia Hesghiaian and Parvaneh Hesghiaian ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

The Notice of Removal alleges: "The defendants and Plaintiffs in this matter are citizens of different states. Plaintiffs allege '[at] all relevant times, [they] were and are residing in Los Angeles County, California.' (Complaint ¶¶1, 12 [Plaintiffs allege they relocated to California in the early 1980s,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8136 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | Hesghia Hesghiaian, et al. v. Bank of America, N.A., et al. | | |

where they soon sought out a safe box]). . . ." (Docket No. 3 ¶ 6.) As the Notice of Removal makes clear, Defendant's only support for its allegation of Plaintiffs' citizenship is the Complaint, which only includes allegations of Plaintiffs' residence and ownership of a safety deposit box in Los Angeles County. (See Docket No. 3-1.) The Complaint does not allege Plaintiffs' states of domicile or citizenship. Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning Plaintiffs' citizenship, based only on allegations of residence, are insufficient to establish Plaintiffs' citizenship. Nor does Plaintiffs' ownership of property in a state establish their citizenship in that state. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations relating to Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC713495, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.